# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Alan McKenzie,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of the Social Security Administration,<br><br>    Defendant. | CV 11-0784-TUC-FRZ (JR)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Michael Alan McKenzie brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of Social Security denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. By order dated August 30, 2013, the District Court remanded the case for an award of benefits. Pending before the Court Plaintiff's Motion for Award of Attorney's Fees (Doc. 21) filed pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the reasons explained below, the Court recommends that the District Court grant the motion.

1

**I.     EAJA Fees**

Plaintiff seeks an attorney's fee award under the EAJA in the amount of $4,796.97, which is comprised of 26 hours of attorney time at rates ranging from $180.59 to $186.55 per hour. The Commissioner argues that Plaintiff's is not entitled to EAJA attorney's fees because the government's position was "substantially justified" and fees are therefore precluded. 28 U.S.C. § 2412(d)(1)(A). Having considered the motion for attorney's fees, the opposition, and the reply, as well as the pleadings, records and previous orders in the case, the Court finds that the remand of Plaintiff's claim for payment of benefits constitutes a favorable decision and that the Commissioner's position was not substantially justified.

**A.     Entitlement**

The EAJA provides that a court may award reasonable attorney's fees, court costs and other expenses to the prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). The term "position of the United States" includes both the position taken by the Commissioner in the civil action and the position taken by the agency upon which the civil action is based. 28 U.S.C. § 2412(d)(2)(D). A position is "substantially justified" if it has a "reasonable basis in law and fact." *Pierce*, 487 U.S. at 565. The government has the burden of establishing that its position was substantially justified. *Gonzales v. Free*

1 *Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005); *Timms v. United States*, 742
2 F.2d 489, 492 (9th Cir. 1984).

3       As the Court found in its Report and Recommendation (Doc. 18)
4 recommending remand of this case, the ALJ's evaluation of the medical evidence,
5 application of the grids, and credibility findings in relation to lay-witness testimony
6 were not supported by substantial evidence.  The Court found that the ALJ failed to
7 cite clear and convincing reasons for declining to adopt Dr. Rau's uncontroverted
8 opinion. *Carmickle v. Commissioner, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir.
9 2008).  The Court also found that the ALJ, due to his unjustified rejection of Dr.
10 Rau's opinion, failed to meet his burden at step five when he did not consider the
11 non-exertional limitations cited by Dr. Rau in his RFC assessment. Finally, by
12 relying solely on their relationship with the claimant to discount their credibility,  the
13 ALJ did not provide a sufficient basis for rejecting the lay witness testimony.  *See*
14 *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) (finding ALJ erred in rejecting
15 lay witness testimony on basis of that witness's close relationship with claimant); *see*
16 *also Valentine v. Commissioner of Social Security*, 574 F.3d 685 (9th Cir. 2009)
17 (stating evidence of specific secondary gain motive, in addition to being in a close
18 relationship with the plaintiff, could suffice to reject testimony of plaintiff's spouse).
19 These shortcomings amount to "basic and fundamental [procedural] errors" that do
20 not support a finding that the Commissioner's position was substantially justified.
21 *Shafer v. Astrue*, 518 F.3d 1067, 1071-72 (9th Cir. 2008) (holding that the ALJ
22

committed fundamental error by discrediting the claimant's testimony without providing clear and convincing reasons for doing so and that the Commissioner was not substantially justified in defending the decision); *see also Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) (holding that the Commissioner was not substantially justified in defending an ALJ's decision where the ALJ rejected the claimant's testimony without making specific findings).

Based on the foregoing, the Commissioner cannot meet his burden to establish that the government's position was substantially justified. The ALJ did not give legally sufficient reasons for rejecting the opinion of Dr. Rau and for rejecting the testimony of the lay witnesses. The improper rejection of Dr. Rau's opinion also potentially resulted in the improper evaluation of McKenzie's RFC. Accordingly, McKenzie is entitled to an award of attorney's fees under the EAJA.

**B.     Award Amount**

Mckenzie is seeking fees for 26 hours of attorney time. The Commissioner objects to neither the number of hours claimed nor the rate requested. Nevertheless, the Court has the discretion to evaluate the reasonableness of the number of hours claimed by a prevailing party. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). In relation to the time expended, the Court considers, among any other relevant factors, the complexity of the case or the novelty of the issues, the skill required to perform the service adequately, the customary time expended in similar cases, and the attorney's expertise and experience. *Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998).

It is the fee claimant's burden to demonstrate that the hours spent on the case were "reasonably necessary" to the litigation and that counsel made "a good faith effort to exclude . . . hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Chalmers v. Los Angeles*, 796 F.2d 1205, 1211).  The Court's review of the records submitted in support of the fee petition reveals no grounds for finding that the hours for which compensation is sought were excessive or redundant.  The materials reviewed and the briefs submitted in this case were substantial.  Counsel's opening brief was helpful to the Court.  Thus, the Court finds that the requested time of 26 attorney hours is reasonable.

Turning to the rates sought, Counsel seeks amounts ranging from $180.59 to $186.55 per hour.  Although the EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour," it also provides for an adjustment based on the increase of the costs of living.  28 U.S.C. § 2412(d)(2)(A)(ii).  Counsel has submitted an adjustment calculation consistent with the requirements of the statute.  *See Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001).  Thus, the rates requested are reasonable under the provisions of the EAJA.  The Court therefore recommends that the District Court award Plaintiff attorney's fees under the EAJA in the requested amount of $4,796.97.

**II.    Recommendation**

For the foregoing reasons, the Magistrate Judge **recommends** the District Court, after its independent review, enter an order **granting** McKenzie's Motion for

5

Attorney's Fees (Doc. 21) and **awarding** Mckenzie $4,796.97 in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: CV 11–784–TUC–FRZ.

Dated this 30th day of January, 2014.

*Jacqueline M. Rateau*
Jacqueline M. Rateau
United States Magistrate Judge